IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTERVAL LICENSING LLC,

    Plaintiff,

  v.

AOL INC.,

    Defendant.

No. C 12-80210 SI

Underlying Case No. 10-cv-01385-MJP
Pending in Western District of Washington

**ORDER DENYING MOTION TO QUASH**

Currently before the Court is a motion to quash deposition subpoenas, brought by two third-party deponents, Paul Freiberger and Philippe Piernot ("Movants"). Docket No. 1. That motion is set for hearing on October 12, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.

AOL, Inc., the party issuing the subpoena, is a defendant in the underlying patent infringement action. The movants are named inventors on two patents at issue in the underlying patent infringement action.[1] The movants do not oppose having their depositions taken, but argue that those depositions should not go forward until defendants (including AOL, Google, Inc., and Apple and Yahoo!) have completed their document productions to plaintiff Interval licensing LLC, so that movants will be deposed only once in the case.[2] Movants represent that Interval objects to the movants' depositions going forward before it has received defendants' document discovery. *See* Reply at 3. Movants also argue the deposition subpoenas should be quashed because AOL did not follow the procedures required by the Western District of Washington's Deposition Protocol Order.

---

[1] In the underlying suit, plaintiff Interval Licensing filed suit against AOL and several other defendants, alleging infringement of multiple patents.

[2] There is no indication in any of the papers as to when the defendants will complete producing documents, other than movants' estimate that discovery from defendants regarding the patents-in-suit may be complete in October or November. Reply at 2. Fact discovery closes in March 2013.

1    AOL responds that it, and the other defendants, have agreed to depose the movants only once, 2 absent good cause. AOL also argues that the fact that the defendants' document production is not 3 complete does not heighten the risk that movants will be deposed twice because the inventors are 4 prevented by the operative protective order from accessing defendants' confidential documents and 5 defendants' documents are irrelevant to the inventors' testimony. Finally, AOL also asserts that it 6 cannot wait until document discovery is completed for the depositions because the movants' testimony 7 may be relevant to claim construction and AOL's opening and responsive claim construction briefs are 8 due on October 5, 2012 and October 26, 2012 respectively.

9    Movants reply that this issue may be moot because movants intend to seek a protective order 10 from the Western District of Washington preventing the depositions from taking place. Reply at 1. 11 Movants indicated that the motion for a protective order would be filed by September 28, 2012. *Id.* A 12 review of the docket in the underlying action, however, reveals that as of today's date neither movants 13 nor plaintiff Interval has moved for a protective order in that action.

14    Having reviewed the parties' papers, the Court DENIES the motion to quash and orders the 15 depositions to go forward within **ten (10) days** of the date of this Order, so that AOL may be able to use 16 the inventors' testimony in its responsive claim construction brief. The Court notes that if AOL – or 17 the other defendants who have not objected in this Court or the Western District of Washington to these 18 depositions going forward at this point – seek to redepose the movants, they will bear a heavy burden 19 to show good cause to do so on grounds that do not contradict any of the positions taken by AOL on this 20 motion.

21    **IT IS SO ORDERED.**

23 Dated: October 4, 2012

24                                              _____
                                                SUSAN ILLSTON
                                                United States District Judge

2